NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**QUORDALIS V. SANDERS,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2026-2014

---

Appeal from the United States Court of Federal Claims in No. 1:26-cv-00518-MRS, Judge Molly R. Silfen.

---

**ON MOTION**

---

PER CURIAM.

## O R D E R

Quordalis V. Sanders, who was then and remains incarcerated, filed a complaint in the United States Court of Federal Claims, alleging the Clerk of the United States Bankruptcy Court for the Eastern District of Wisconsin violated his rights in connection with handling his filings. The Court of Federal Claims held that Mr. Sanders was ineligible for *in forma pauperis* ("IFP") status under 28 U.S.C. § 1915(g) and later dismissed his complaint when

he failed to pay the docketing fee.  Mr. Sanders appeals and seeks leave to proceed IFP on appeal.

This court has twice summarily affirmed the Court of Federal Claims's dismissal of Mr. Sanders's complaints for failure to prosecute after denying him IFP status based on § 1915(g).  *See Sanders v. United States*, No. 2026-1784, 2026 WL 1846615 (Fed. Cir. June 26, 2026); *Sanders v. United States*, No. 2022-1375, 2022 WL 2298980 (Fed. Cir. June 27, 2022).  There, we explained that Mr. Sanders did not dispute he had at least three actions or appeals that were dismissed as frivolous, malicious, or failed to state a claim and that he had not shown he was "under imminent danger of serious physical injury," § 1915(g).  We see no basis for a different disposition in this appeal, which Mr. Sanders recognizes involves "the same issues," ECF No. 3 at 1.  As in his prior cases, the Court of Federal Claims was clearly correct that Mr. Sanders failed to raise any cogent argument that he was under imminent danger of serious physical injury.  Under the circumstances, we summarily affirm.  *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994).

Accordingly,

IT IS ORDERED THAT:

(1)  The judgment is summarily affirmed.

(2)  All pending motions are denied.

(3)  Each party shall bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

July 30, 2026
Date